**CHAD NEITZEL,**

        **Plaintiff,**

       v.                                           **Civil Action 2:17-cv-548**
                                                        **Judge George C. Smith**
                                                         **Magistrate Judge Jolson**

**GARY MOHR, et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On October 11, 2017, the Court issued an Order noting that, although the complaint in this action was filed on July 11, 2017 (Doc. 3), Plaintiff has yet to effect service on Defendants. (Doc. 5). The Court quoted Federal Rule of Civil Procedure 4(m), which provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—*must dismiss the action without prejudice against that defendant or order that service be made within a specified time.* But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id*. (emphasis added). Consequently, the Court directed Plaintiff to show good cause within fourteen days why this action should not be dismissed and why an extension of time to effect service should be allowed. (*Id.*). Plaintiff did not respond.

This Court has explained to Plaintiff on two occasions that he is able to serve Defendants through the United States Marshals Service if he provides a copy of the complaint, a summons, and a service form for each of the Defendants. (*See id*; Doc. 2 at 2). Nevertheless, Plaintiff has failed to take action and has not responded to this Court's show cause Order. Because more than

fourteen days have passed since the Court's Order, it is **RECOMMENDED** that this action be dismissed.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: November 6, 2017  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE